# SUMMONS

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | )SS: | CIVIL DIVISION, ROOM NO: |
| COUNTY OF MARION | ) | CAUSE NO: |

T.T., a minor, and VALERIE DAVIS, )
as parent and )
guardian of T.T., )
                                    Plaintiffs )

vs. )

INDIANAPOLIS PUBLIC SCHOOLS, )
UNKNOWN EMPLOYEES OF INDIANAPOLIS )
PUBLIC SCHOOLS, INDIANAPOLIS )
METROPOLITAN POLICE DEPARTMENT, )
UNKNOWN EMPLOYEES OF )
INDIANAPOLIS METROPOLITAN POLICE )
DEPARTMENT, and LARRY WILCOXSON )
                                    Defendants. )

49D02 03 05 CT 021787

TO DEFENDANT:    (Name)
                         (Address)

Corporation Counsel
As Agent of IMPD
City-County Building, 1601
200 E. Washington St.
Indianapolis, IN 46204

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.
The nature of the suit against you is stated in the complaint that is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.
An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.
If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.
If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950)

Dated                                                            (Seal)
                     Clerk, Marion County Superior Court    *Elizabeth R. White*

MAY 15 2008

**(The following manner of service of summons is hereby designated.)**

\_\_\_\_\_     Registered or certified mail.

\_\_\_\_\_     Service at place of employment, to-wit:

\_\_\_\_\_     Service on individual -- (Personal or copy)

  X     Service on agent. (Specify) at above address via **certified mail**.

\_\_\_\_\_     Other service. (Specify)

Marcelino Lopez, #26461-49
**Attorney for Plaintiff**
Lee, Cossell, Kuehn & Love, LLP
127 E. Michigan St.
Indianapolis, IN 46204
(317) 631-5151 telephone
(317) 624-4561 facsimile

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| --- | --- | --- |
|  | )SS: | CIVIL DIVISION, ROOM NO: |
| COUNTY OF MARION | ) | CAUSE NO: |

T.T., a minor, and VALERIE DAVIS, )
as parent and )
guardian of T.T., )
  )
  Plaintiffs )
  )
vs. )
  )
INDIANAPOLIS PUBLIC SCHOOLS, )
UNKNOWN EMPLOYEES OF INDIANAPOLIS )
PUBLIC SCHOOLS, INDIANAPOLIS )
METROPOLITAN POLICE DEPARTMENT, )
UNKNOWN EMPLOYEES OF )
INDIANAPOLIS METROPOLITAN POLICE )
DEPARTMENT, and LARRY WILCOXSON )
  )
  Defendants. )

### SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20____;

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant,

(2) By leaving a copy of the Summons and a copy of the complaint at

which is the dwelling place or usual place of abode of
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks:
Sheriff's Costs                                         Sheriff

                                                        By: _____
                                                            Deputy

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20____, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                        Clerk, _____ Court

Dated:                                                  By: _____
                                                            Deputy

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20____.
I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20____.
I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20____.

                                                        Clerk, _____ Court

                                                        By: _____
                                                            Deputy

| | | |
|---|---|---|
| STATE OF INDIANA | ) )SS: | IN THE MARION COUNTY SUPERIOR COURT CIVIL DIVISION, ROOM NO: |
| COUNTY OF MARION | ) | CAUSE NO: 49D02 03 05 CT 0 21787 |

T.T., a minor, and VALERIE DAVIS,
as parent and
guardian of T.T.,

    Plaintiffs

vs.

INDIANAPOLIS PUBLIC SCHOOLS,
UNKNOWN EMPLOYEES OF INDIANAPOLIS
PUBLIC SCHOOLS, INDIANAPOLIS
METROPOLITAN POLICE DEPARTMENT,
UNKNOWN EMPLOYEES OF
INDIANAPOLIS METROPOLITAN POLICE
DEPARTMENT, and LARRY WILCOXSON

    Defendants.

FILED
MAY 15 2008
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**    Initiating

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

**T.T., a minor, and VALERIE DAVIS, Individually, and as parent and guardian of T.T.**

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | | |
|---|---|---|
| Name: | **Nathaniel Lee** | Atty Number: **10159-49** |
| | **Marcelino Lopez** | **26461-49** |
| Address: | **Lee, Cossell, Kuehn & Love, LLP** | |
| | **127 E. Michigan Street** | Phone: **(317) 631-5151** |
| | **Fifth Floor** | Fax: **(317) 624-4561** |
| | **Indianapolis, Indiana 46204** | Computer Address: **nlee@nleelaw.com** |
| | | **mlopez@nleelaw.com** |

3. There are other party members: No

4. If first initiating party filing this case, the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): CT

5. I will accept service by FAX at the above number: No

6. This case involves support issues: No

7. There are related cases: No

8. This form has not been served on all other parties. Copies have been included and postage has been calculated to allow the Clerk to send this appearance to all other parties.

9. Additional information required by local rules:

_____

DATED: 5/14/08

_____
Marcelino Lopez, #26461-49

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | )SS: | CIVIL DIVISION, ROOM NO: |
| COUNTY OF MARION | ) | CAUSE NO: |

49D02 03 05 CT 0 21787

T.T., a minor, and VALERIE DAVIS,
as parent and
guardian of T.T.,

    Plaintiffs

vs.

INDIANAPOLIS PUBLIC SCHOOLS,
UNKNOWN EMPLOYEES OF INDIANAPOLIS
PUBLIC SCHOOLS, INDIANAPOLIS
METROPOLITAN POLICE DEPARTMENT,
UNKNOWN EMPLOYEES OF
INDIANAPOLIS METROPOLITAN POLICE
DEPARTMENT, and LARRY WILCOXSON

    Defendants.

FILED
MAY 15 2008
Elizabeth J. White
CLERK OF THE MARION CIRCUIT COURT

## COMPLAINT FOR DAMAGES

Come now the Plaintiffs, T.T., a minor, and VALERIE DAVIS, (hereinafter referred to as "DAVIS"), Individually, and as parent and guardian of T.T., by Counsel, and for a cause of action against the Defendants, INDIANAPOLIS PUBLIC SCHOOLS (hereinafter referred to as "IPS"), UNKNOWN EMPLOYEE(S) OF INDIANAPOLIS PUBLIC SCHOOLS, INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT (hereinafter referred to as "IMPD"), UNKNOWN EMPLOYEE(S) OF INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, and LARRY WILCOXSON (hereinafter referred to as "WILCOXSON"), alleges and states:

1. That during all times relevant to this cause of action T.T. and DAVIS resided, and continue to reside, in the City of Indianapolis, Marion County, State of Indiana.

2. That IPS is a municipal entity operating public schools, including Henry W. Longfellow Middle School, in the City of Indianapolis, Marion County, State of Indiana.

3. That IMPD is a metropolitan police department in Marion County, City of Indianapolis, State of Indiana, which came into existence on or about January 1, 2007 due to the consolidation of the Marion County Sheriff's Department and Indianapolis Police Department.

4. That at all times relevant and material to this cause of action the Indianapolis Police Department was a metropolitan police department operating in the Marion County, City of Indianapolis, State of Indiana.

5. That at all times relevant to this cause of action WILCOXSON was a substitute teacher at Henry W. Longfellow middle school and resided in the City of Indianapolis, County of Marion, State of Indiana.

6. That T.T. attended Henry W. Longfellow middle school for the sixth and seventh grade.

7. That during the time T.T. attended Henry W. Longfellow middle school she was sexually molested by WILCOXSON.

8. That in or around June of 2005 DAVIS learned of the molestation and reported the molestation of her daughter by WILCOXSON to IPS and/or unknown employees of IPS.

9. That IPS and IMPD investigated the allegations of T.T. and DAVIS.

10. That IPS and IMPD conducted a superficial and flawed investigation of the allegations of T.T. and DAVIS. This investigation incorrectly and falsely determined that WILCOXSON was the cousin of an Indianapolis professional football player and that T.T. and DAVIS were simply "out to get" WILCOXSON.

11. That IPS, IMPD, and/or various unknown employees of each threatened T.T. with arrest and criminal charges for making a false report.

12. That IPS continued to employ WILCOXSON until February 2006 when WILCOXSON was fired for exposing himself to a female custodian.

13. That WILCOXSON was arrested in July of 2006 on allegations of molesting other IPS Students.

### COUNT I - 20 U.S.C. §1681(A), ET SEQ. ("TITLE IX")

14. Plaintiffs incorporate pleading paragraphs 1 through 13 as if the same had been fully set forth herein.

15. That actions of IPS, IMPD, and/or their unknown employees created a sexually hostile educational environment for T.T. No corrective action was taken in response to T.T. and DAVIS's complaints about WILCOXSON's inappropriate relationship with T.T. The conduct of IPS, IMPD, and/or their various unknown employees violate the provisions of Title IX.

16. IPS, IMPD, and/or their various unknown employees breached their fiduciary duties to T.T. in failing to correct or control WILCOXSON and remedy the sexually hostile school environment that WILCOXSON's actions created.

17. IPS, IMPD and/or their various unknown employees discriminated against T.T. on the basis of her sex as a result of WILCOXSON's sexual molestation of T.T. IPS, IMPD and/or their various unknown employees had authority to institute corrective measures and IPS, IMPD and/or their various unknown employees had actual knowledge of WILCOXSON's actions, but IPS, IMPD and/or their various unknown employees were

deliberately indifferent to T.T.'s right to be free from WILCOXSON's sexual molestation. IPS, IMPD and/or their various unknown employees, instead, responded in a hostile manner to Plaintiffs, and retained WILCOXSON as a substitute teacher at Henry W. Longfellow middle school, without having taken any steps whatsoever to address or correct the matter.

18. That the conduct of IPS, IMPD and/or their various unknown employees is a direct and proximate cause of T.T.'s injuries, including emotional damage, humiliation and stress.

**Wherefore**, Plaintiffs pray for damages against IPS, IMPD and/or their various unknown employees in an amount sufficient to compensate her for the injuries they caused, for all relief, including attorney fees, available under Title IX, for costs, and for all other just and proper relief in the premises.

### COUNT II – 42 U.S.C. §1983

19. That Plaintiffs incorporate pleading paragraphs 1 through 18 as if the same had been fully set forth herein.

20. That WILCOXSON, by sexually molesting T.T., deprived T.T. of her constitutionally protected right to equal protection.

21. That WILCOXSON's actions created a sexually hostile educational environment for T.T.

22. That the sexually discriminatory actions of WILCOXSON toward T.T. were willful, wanton, outrageous, reckless, and rise to the level warranting the imposition of punitive damages.

23. That the response, hostility, and utter indifference off IPS, IMPD, and/or their various unknown employees to T.T.'s plight contributed to the sexually hostile educational environment for T.T.

24. That the Defendants' discriminatory conduct toward T.T. is a direct and proximate cause of her injuries.

**Wherefore**, Plaintiffs pray for damages against Defendants in an amount sufficient to compensate her for the injuries they caused, for all relief, including attorney fees, available under Title IX, for costs, and for all other just and proper relief in the premises.

### COUNT III – NEGLIGENT HIRE, RETENTION AND SUPERVISION

25. That Plaintiffs incorporate pleading paragraphs 1 through 24 as if the same had been fully set forth herein.

26. That IPS and/or unknown IPS employees were negligent in their hiring, retention and/or supervision of WILCOXSON, which negligence was a proximate cause of the damages suffered by Plaintiffs.

27. That the conduct of IPS and/or unknown IPS employees is a direct and proximate cause of T.T.'s injuries.

28. That the negligent actions of IPS and/or unknown IPS employees were willful, wanton, outrageous and reckless and rise to a level warranting the imposition of punitive damages.

**Wherefore**, Plaintiffs pray for damages against IPS and/or unknown employees of IPS in an amount sufficient to compensate her for the injuries they caused, for punitive damages, for costs, and for all other just and proper relief in the premises.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiffs incorporate pleading paragraphs 1 through 28 as if the same had been fully set forth herein.

30. That the responses, hostility, and utter indifference of IPS, IMPD and/or their various unknown employees to T.T.'s plight were willful, wanton, and intentionally designed to inflict emotional distress and/or other discomfort on T.T.

31. That the actions of IPS, IMPD and/or their various unknown employees were willful, wanton, outrageous, reckless and rise to a level warranting the imposition of punitive damages.

**Wherefore**, Plaintiffs pray for damages against IPS, IMPD and/or their various unknown employees in an amount sufficient to compensate her for the injuries they caused, for punitive damages, for costs, and for all other just and proper relief in the premises.

Respectfully Submitted,

_____
Marcelino Lopez, Esq.
Attorney No. 26461-49
Attorney for Plaintiff

LEE COSSELL KUEHN & LOVE, LLP
127 E. Michigan St.
Indianapolis, IN 46204
(317) 631-5151
Fax (317) 624-4561

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D02-0805-CT-021787 |

T.T., a minor and VALERIE DAVIS,  )
as parent and guardian of T.T.,    )
                                   )
            Plaintiffs,            )
                                   )
    v.                             )
                                   )
INDIANAPOLIS PUBLIC SCHOOLS,       )
et al.,                            )
                                   )
            Defendants.            )

**FILED**

(42) MAY 30 2008

Elizabeth *f* White
CLERK OF THE MARION CIRCUIT COURT

## APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

Party Type:   Responding

1. The undersigned attorney appears in this case for the following party member(s):

   Indianapolis Metropolitan Police Department and Unknown Employees of Indianapolis Metropolitan Police Department

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

   | | |
   |---|---|
   | Name: | Jonathan L. Mayes, Attorney No. 25690-49 |
   | | Alexander Will, Attorney No. 23474-49 |
   | Address: | 200 East Washington Street, Suite 1601 |
   | | Indianapolis, IN 46204 |
   | Phone: | (317) 327-4055 |
   | FAX: | (317) 327-3968 |
   | Email: | jmayes@indygov.org |
   | | awill@indygov.org |

3. There are other party members: Yes

4. Case Type Requested (Initiating Party Only): N/A

5. I will accept Fax service: No

6. This case does not involve support issues. No

7. There are related cases: No

8. This form has been served consistent with Trial Rule 5.

9. Other information required by local rule: None.

Respectfully Submitted,

_____
Jonathan L. Mayes (25690-49)
Chief Litigation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: jmayes@indygov.org

_____
Alexander Will (23474-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana 46204
Telephone: (317) 327-4055
Fax: (317) 327-3968
E-Mail: awill@indygov.org

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon all counsel listed below, by United States mail, first-class, postage prepaid on this 30th day of May, 2008.

Marcelino Lopez
Lee Cossell Kuehn & Love LLP
127 E. Michigan Street
Indianapolis, IN 46204

_____
Alexander Will, Atty.No.23474-49
Assistant Corporation Counsel

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D02-0805-CT-021787 |

T.T., a minor and VALERIE DAVIS, )
as parent and guardian of T.T., )
　　　　　　　　　　　　　　　　　)
　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　)
INDIANAPOLIS PUBLIC SCHOOLS, )
et al., )
　　　　　　　　　　　　　　　　　)
　　　　Defendants. )

**FILED**

(42) MAY 30 2008

Elizabeth of White
CLERK OF THE MARION CIRCUIT COURT

## NOTICE OF AUTOMATIC ENLARGEMENT OF TIME

Defendants, Indianapolis Metropolitan Police Department and Unknown Employees of Indianapolis Metropolitan Police Department, by counsel, hereby file their Motion for Enlargement of Time in which to file an Answer to the Complaint. That Complaint having been served on May 15, 2008 would require a response due on June 9, 2008. With this enlargement, Defendant's Answer will be due on July 9, 2008.

Respectfully Submitted,

OFFICE OF CORPORATION COUNSEL

_____
Alexander Will, Atty. No. 23474-49
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Suite 1601
Indianapolis, Indiana 46204
Phone: (317) 327-4055
Fax: (317) 327-3968
E-mail: awill@indygov.org

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon all parties listed below, by United States mail, first-class, postage prepaid on this 30th day of May, 2008.

Marcelino Lopez
Lee Cossell Kuehn & Love LLP
127 E. Michigan Street
Indianapolis, IN 46204

_____
Alexander Will (23474-49)
Assistant Corporation Counsel