**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| T.T., a minor, and VALERIE DAVIS, as parent and guardian of T.T., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No. 1:08-cv-0752-LJM-TAB ) |
| INDIANAPOLIS PUBLIC SCHOOLS, UNKNOWN EMPLOYEES OF INDIANAPOLIS PUBLIC SCHOOLS, INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, UNKNOWN EMPLOYEES OF INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, and LARRY WILCOXSON, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS INDIANAPOLIS PUBLIC SCHOOLS' AND LARRY WILCOXSON'S ANSWER AND AFFIRMATIVE DEFENSES**

Come now the Defendants, Indianapolis Public Schools and Larry Wilcoxson, by counsel, and for their Answer to Plaintiffs' Complaint for Damages, state as follows:

1. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 1, and neither admit nor deny said allegations, but demand strict proof thereof.

2. Defendants admit the allegations contained in paragraph 2.

3. Defendants make no response to the allegations contained in paragraph 3, as said allegations are not directed against them.

4. Defendants make no response to the allegations contained in paragraph 4, as said allegations are not directed against them.

5. Defendants admit the allegations contained in paragraph 5.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 8, and neither admit nor deny said allegations, but demand strict proof thereof.

9. Defendants deny the allegations contained in paragraph 9 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

10. Defendants deny the allegations contained in paragraph 10 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

11. Defendants deny the allegations contained in paragraph 11 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

12. Defendants admit the allegations contained in paragraph 12.

13. Defendants deny the allegations contained in paragraph 13.

## COUNT I – 20 U.S.C § 1681(A), ET. SEQ. ("TITLE IX")

14. Defendants adopt and reallege their answers to paragraphs 1 through 13 of Plaintiffs' Complaint for Damages as their answer to paragraph 14 of this Count I as though fully set forth herein.

15. Defendants deny the allegations contained in paragraph 15 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

16. Defendants deny the allegations contained in paragraph 16 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

17. Defendants deny the allegations contained in paragraph 17 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

18. Defendants deny the allegations contained in paragraph 18 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

## COUNT II – 42 U.S.C. § 1983

19. Defendants adopt and reallege their answers to paragraphs 1 through 18 of Plaintiffs' Complaint for Damages as their answer to paragraph 19 of this Count II as though fully set forth herein.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. Defendants deny the allegations contained in paragraph 22.

23. Defendants deny the allegations contained in paragraph 23 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

24. Defendants deny the allegations contained in paragraph 24 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

### COUNT III – NEGLIGENT HIRE, RETENTION AND SUPERVISION

25. Defendants adopt and reallege their answers to paragraphs 1 through 24 of Plaintiffs' Complaint for Damages as their answer to paragraph 25 of this Count III as though fully set forth herein.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

### COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Defendants adopt and reallege their answers to paragraphs 1 through 28 of Plaintiffs' Complaint for Damages as their answer to paragraph 29 of this Count IV as though fully set forth herein.

30. Defendants deny the allegations contained in paragraph 30 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

31. Defendants deny the allegations contained in paragraph 31 to the extent they are directed against IPS. To the extent the allegations are directed against IMPD, Defendants make no response.

WHEREFORE, the Defendants, Indianapolis Public Schools and Larry Wilcoxson, by counsel, deny the Plaintiffs are entitled to any judgment whatsoever as against them.

### AFFIRMATIVE DEFENSES

Come now the Defendants, Indianapolis Public Schools and Larry Wilcoxson, by counsel and for their Affirmative Defenses to Plaintiffs' Complaint for Damages, state as follows:

1. Wilcoxson is entitled to qualified immunity as to the claims against him under 42 U.S.C. § 1983.

2. Defendants are immune from liability from the state law claims, pursuant to I.C. 34-13-3-3.

3. Plaintiffs' claims are barred by T.T.'s contributory negligence.

4. T.T. incurred the risk of injury.

5. Any recovery by Plaintiffs is barred or to be reduced in accordance with the Indiana Collateral Source statute, and the legal and equitable principles of payment, satisfaction, accord and satisfaction, set-off and rules barring windfalls and double recovery.

6. Plaintiffs have failed to mitigate their damages.

7. Plaintiffs fail to state a claim against IPS under 42 U.S.C. § 1983, as they do not allege the existence of an unconstitutional policy or custom.

6. Plaintiffs' state law claims are barred by their failure to comply with I.C. 34-13-3-8.

7. Plaintiffs' state law claims are barred by I.C. 34-13-3-5.

8. Plaintiffs fail to state a claim under Title IX or 20 U.S.C. 1681 et seq.

WHEREFORE, Defendants, Indianapolis Public Schools and Larry Wilcoxson, by counsel, pray for judgment in their favor, costs of this action, and for all other proper relief in the premises.

Respectfully Submitted,

MANDEL POLLACK & HORN, P.C.

s/Caren L. Pollack
Caren L. Pollack Attorney No. 11897-49
*Attorney for Defendants, Indianapolis Public Schools and Larry Wilcoxson*

**CERTIFICATE OF SERVICE**

  I certify that a true and exact copy of the foregoing was filed electronically this 7th day of July, 2008.

Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

| | |
|---|---|
| Nathaniel Lee<br>Marcelino Lopez<br>LEE COSSELL KUEHN & LOVE, LLP<br>127 E. Michigan Street<br>Fifth Floor<br>Indianapolis, IN 46204 | Jonathan Mayes<br>Alexander P. Will<br>OFFICE OF CORPORATION COUNSEL<br>200 E. Washington Street, 1601<br>Indianapolis, IN 46204 |

             s/Caren L. Pollack_____
             Caren L. Pollack

MANDEL POLLACK & HORN, P.C.
704 Adams St., Suite F
Carmel, IN  46032
(317) 848-7000 / FAX (317) 848-6197