IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

|  |  |
|---|---|
| T.T., a minor, and VALERIE DAVIS, as parent and guardian of T.T., <br><br> Plaintiffs <br><br> vs. <br><br> INDIANAPOLIS PUBLIC SCHOOLS, UNKNOWN EMPLOYEES OF INDIANAPOLIS PUBLIC SCHOOLS, THE CITY OF INDIANAPOLIS, UNKNOWN EMPLOYEES OF INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, and LARRY WILCOXSON <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 1:08-cv-0752-LJM-TAB ) ) ) ) ) ) ) ) ) ) ) |

## AMENDED COMPLAINT FOR DAMAGES

Come now the Plaintiffs, T.T., a minor, and VALERIE DAVIS, (hereinafter referred to as "DAVIS"), Individually, and as parent and guardian of T.T., by Counsel, and for a cause of action against the Defendants, INDIANAPOLIS PUBLIC SCHOOLS (hereinafter referred to as "IPS"), UNKNOWN EMPLOYEE(S) OF INDIANAPOLIS PUBLIC SCHOOLS, THE CITY OF INDIANAPOLIS (hereinafter referred to as "THE CITY"), UNKNOWN EMPLOYEE(S) OF INDIANAPOLIS METROPOLITAN POLICE DEPARTMENT, and LARRY WILCOXSON (hereinafter referred to as "WILCOXSON"), alleges and states:

1. That during all times relevant to this cause of action T.T. and DAVIS resided, and continue to reside, in the City of Indianapolis, Marion County, State of Indiana.

2. That IPS is a municipal entity operating public schools, including Henry W. Longfellow Middle School, in the City of Indianapolis, Marion County, State of Indiana.

3. That IMPD is a metropolitan police department in Marion County, City of Indianapolis, State of Indiana, which came into existence on or about January 1, 2007 due to the consolidation of the Marion County Sheriff's Department and Indianapolis Police Department.  That at all times relevant and material to this cause of action the Indianapolis Police Department was a metropolitan police department and agent and/or arm and/or under the direct supervision and control of THE CITY OF INDIANAPOLIS operating in the Marion County, City of Indianapolis, State of Indiana.

4. That at all times relevant and material the agents, employees and/or representatives of the IMPD or IPD, Indianapolis Police Department were employees, agents, servants and/or representatives of THE CITY OF INDIANAPOLIS acting within the scope of their employment.

5. That at all times relevant to this cause of action WILCOXSON was a substitute teacher at Henry W. Longfellow middle school and resided in the City of Indianapolis, County of Marion, State of Indiana.

6. That T.T. attended Henry W. Longfellow middle school for the sixth and seventh grade.

7. That during the time T.T. attended Henry W. Longfellow middle school she was sexually molested by WILCOXSON.

8. That in or around June of 2005 DAVIS learned of the molestation and reported the molestation of her daughter by WILCOXSON to IPS and/or unknown employees of IPS.

9. That IPS and IMPD investigated the allegations of T.T. and DAVIS.

10. That IPS, IMPD and/or THE CITY conducted a superficial and flawed investigation of the allegations of T.T. and DAVIS.  This investigation incorrectly and falsely determined that WILCOXSON was the cousin of an Indianapolis professional football player and that T.T. and DAVIS were simply "out to get" WILCOXSON.

11. That IPS, IMPD, THE CITY and/or various unknown employees of each threatened T.T. with arrest and criminal charges for making a false report.

12. That IPS continued to employ WILCOXSON until February 2006 when WILCOXSON was fired for exposing himself to a female custodian.

13. That WILCOXSON was arrested in July of 2006 on allegations of molesting other IPS Students.

## COUNT I - 20 U.S.C. §1681(A), ET SEQ. ("TITLE IX")

14. Plaintiffs incorporate pleading paragraphs 1 through 13 as if the same had been fully set forth herein.

15. That actions of IPS, IMPD and/or THE CITY, and/or their unknown employees created a sexually hostile educational environment for T.T.  No corrective action was taken in response to T.T. and DAVIS's complaints about WILCOXSON's inappropriate relationship with T.T.  The conduct of IPS, IMPD, and/or their various unknown employees violate the provisions of Title IX.

16. IPS , IMPD, and/or THE CITY and/or their various unknown employees breached their fiduciary duties to T.T. in failing to correct or control WILCOXSON and remedy the sexually hostile school environment that WILCOXSON's actions created.

17. IPS, IMPD, and/or THE CITY and/or their various unknown employees discriminated against T.T. on the basis of her sex as a result of WILCOXSON's sexual molestation of

    T.T.  IPS, IMPD, and/or THE CITY and/or their various unknown employees had authority to institute corrective measures and IPS, IMPD and/or their various unknown employees had actual knowledge of WILCOXSON's actions, but IPS, IMPD and/or THE CITY and/or their various unknown employees were deliberately indifferent to T.T.'s right to be free from WILCOXSON's sexual molestation. IPS, IMPD, and/or THE CITY and/or their various unknown employees, instead, responded in a hostile manner to Plaintiffs, and retained WILCOXSON as a substitute teacher at Henry W. Longfellow middle school, without having taken any steps whatsoever to address or correct the matter.

18. That the conduct of IPS, IMPD, and/or THE CITY and/or their various unknown employees is a direct and proximate cause of T.T.'s injuries, including emotional damage, humiliation and stress.

    **Wherefore**, Plaintiffs pray for damages against IPS, IMPD, THE CITY and/or their various unknown employees in an amount sufficient to compensate her for the injuries they caused, for all relief, including attorney fees, available under Title IX, for costs, and for all other just and proper relief in the premises.

### COUNT II – 42 U.S.C. §1983

19. That Plaintiffs incorporate pleading paragraphs 1 through 18 as if the same had been fully set forth herein.

20. That WILCOXSON, by sexually molesting T.T., deprived T.T. of her constitutionally protected right to equal protection.

21. That WILCOXSON's actions created a sexually hostile educational environment for T.T.

22. That the sexually discriminatory actions of WILCOXSON toward T.T. were willful, wanton, outrageous, reckless, and rise to the level warranting the imposition of punitive damages.

23. That the response, hostility, and utter indifference off IPS, IMPD, and/or THE CITY and/or their various unknown employees to T.T.'s plight contributed to the sexually hostile educational environment for T.T.

24. That the Defendants' discriminatory conduct toward T.T. is a direct and proximate cause of her injuries.

**Wherefore**, Plaintiffs pray for damages against Defendants in an amount sufficient to compensate her for the injuries they caused, for all relief, including attorney fees, available under Title IX, for costs, and for all other just and proper relief in the premises.

### COUNT III – NEGLIGENT HIRE, RETENTION AND SUPERVISION

25. That Plaintiffs incorporate pleading paragraphs 1 through 24 as if the same had been fully set forth herein.

26. That IPS and/or unknown IPS employees were negligent in their hiring, retention and/or supervision of WILCOXSON, which negligence was a proximate cause of the damages suffered by Plaintiffs.

27. That the conduct of IPS and/or unknown IPS employees is a direct and proximate cause of T.T.'s injuries.

28. That the negligent actions of IPS and/or unknown IPS employees were willful, wanton, outrageous and reckless and rise to a level warranting the imposition of punitive damages.

**Wherefore**, Plaintiffs pray for damages against IPS and/or unknown employees of IPS in an amount sufficient to compensate her for the injuries they caused, for punitive damages, for costs, and for all other just and proper relief in the premises.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Plaintiffs incorporate pleading paragraphs 1 through 28 as if the same had been fully set forth herein.

30. That the responses, hostility, and utter indifference of IPS, IMPD, and/or THE CITY and/or their various unknown employees to T.T.'s plight were willful, wanton, and intentionally designed to inflict emotional distress and/or other discomfort on T.T.

31. That the actions of IPS, IMPD, and/or THE CITY and/or their various unknown employees were willful, wanton, outrageous, reckless and rise to a level warranting the imposition of punitive damages.

**Wherefore**, Plaintiffs pray for damages against IPS, IMPD and/or THE CITY and/or their various unknown employees in an amount sufficient to compensate her for the injuries they caused, for punitive damages, for costs, and for all other just and proper relief in the premises.

Respectfully Submitted,


   /s/ Robert E. Feagley II
Robert E. Feagley II
Attorney No. 24872-49
Attorney for Plaintiffs

LEE COSSELL KUEHN & LOVE, LLP
127 E. Michigan St.
Indianapolis, IN 46204
(317) 631-5151
Fax (317) 624-4561

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was filed electronically, this 8[h] day of April, 2009. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system:

ALEXANDER P. WILL
JONATHON MAYES
OFFICE OF THE CORPORATION COUNSEL
200 E. Washington Street, 1601
Indianapolis, IN 46204
awill@indygov.org
jmayes@indygov.org

Caren L. Pollack, Esq.
MANDEL POLLACK & HORN, P.C.
704 Adams St., Suite F
Carmel, IN  46032
cpollack@mplaw.net

Gerald B. Coleman, Esq.
COLEMAN GRAHAM & STEVENSON
300 E. Fall Creek Parkway, North Drive, Suite 200
Indianapolis, IN 46205
gcoleman@cgslegal.com

                                                                  /s/ Robert E. Feagley II
                                                                      Robert E. Feagley II, #24872-49
                                                                      Attorney for Plaintiffs

Robert E. Feagley II, Esq.
LEE, COSSELL, KUEHN & LOVE, LLP
127 E. Michigan St.
Indianapolis, IN 46204
(317) 631-5151 telephone
(317) 624-4561 facsimile
bfeagley@nleelaw.com