**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| T.T., a minor, and VALERIE DAVIS, as parent and guardian of T.T., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Cause No. 1:08-cv-0752-LJM-TAB ) |
| INDIANAPOLIS PUBLIC SCHOOLS, THE CITY OF INDIANAPOLIS, and LARRY WILCOXSON, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANTS INDIANAPOLIS PUBLIC SCHOOLS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES

Comes now the Defendant, Indianapolis Public Schools, by counsel, and for its Answer to Plaintiffs' Amended Complaint for Damages, states as follows:

1. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 1, and neither admits nor denies said allegations, but demands strict proof thereof.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant makes no response to the allegations contained in paragraph 3, as said allegations are not directed against it.

4. Defendant makes no response to the allegations contained in paragraph 4, as said allegations are not directed against it.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant admits the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 8, and neither admits nor denies said allegations, but demands strict proof thereof.

9. Defendant denies the allegations contained in paragraph 9 to the extent they are directed against IPS. To the extent the allegations are directed against the City and Wilcoxson, Defendant makes no response.

10. Defendant denies the allegations contained in paragraph 10 to the extent they are directed against IPS. To the extent the allegations are directed against the City and Wilcoxson, Defendant makes no response.

11. Defendant denies the allegations contained in paragraph 11 to the extent they are directed against IPS. To the extent the allegations are directed against the City and Wilcoxson, Defendant makes no response.

12. Defendant admits the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

**COUNT I – 20 U.S.C § 1681(A), ET. SEQ. ("TITLE IX")**

14. Defendant adopts and realleges its answers to paragraphs 1 through 13 of Plaintiffs' Amended Complaint for Damages as its answer to paragraph 14 of this Count I as though fully set forth herein.

15. Defendant denies the allegations contained in paragraph 15 to the extent they are directed against IPS. To the extent the allegations are directed against Wilcoxson, Defendant makes no response.

16. Defendant denies the allegations contained in paragraph 16 to the extent they are directed against IPS. To the extent the allegations are directed against Wilcoxson, Defendant makes no response.

17. Defendant denies the allegations contained in paragraph 17 to the extent they are directed against IPS. To the extent the allegations are directed against Wilcoxson, Defendant makes no response.

18. Defendant denies the allegations contained in paragraph 18 to the extent they are directed against IPS. To the extent the allegations are directed against Wilcoxson, Defendant makes no response.

## COUNT II – 42 U.S.C. § 1983

19. Defendant adopts and realleges its answers to paragraphs 1 through 18 of Plaintiffs' Amended Complaint for Damages as its answer to paragraph 19 of this Count II as though fully set forth herein.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23 to the extent they are directed against IPS. To the extent the allegations are directed against the City and Wilcoxson, Defendant makes no response.

24. Defendant denies the allegations contained in paragraph 24 to the extent they are directed against IPS. To the extent the allegations are directed against the City and Wilcoxson, Defendant makes no response.

## COUNT III – NEGLIGENT HIRE, RETENTION AND SUPERVISION

25. Defendant adopts and realleges its answers to paragraphs 1 through 24 of Plaintiffs' Amended Complaint for Damages as its answer to paragraph 25 of this Count III as though fully set forth herein.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

29. Defendant adopts and realleges its answers to paragraphs 1 through 28 of Plaintiffs' Amended Complaint for Damages as its answer to paragraph 29 of this Count IV as though fully set forth herein.

30. Defendant denies the allegations contained in paragraph 30 to the extent they are directed against IPS. To the extent the allegations are directed against the City and Wilcoxson, Defendant makes no response.

31. Defendant denies the allegations contained in paragraph 31 to the extent they are directed against IPS. To the extent the allegations are directed against the City and Wilcoxson, Defendant makes no response.

WHEREFORE, the Defendant, Indianapolis Public Schools, by counsel, denies the Plaintiffs are entitled to any judgment whatsoever as against them.

## AFFIRMATIVE DEFENSES

Comes now the Defendant, Indianapolis Public Schools, by counsel and for its Affirmative Defenses to Plaintiffs' Amended Complaint for Damages, states as follows:

1. Defendant is immune from liability from the state law claims, pursuant to I.C. 34-13-3-3.

2. Plaintiffs' claims are barred by T.T.'s contributory negligence.

3. T.T. incurred the risk of injury.

4. Any recovery by Plaintiffs is barred or to be reduced in accordance with the Indiana Collateral Source statute, and the legal and equitable principles of payment, satisfaction, accord and satisfaction, set-off and rules barring windfalls and double recovery.

5. Plaintiffs have failed to mitigate their damages.

6. Plaintiffs fail to state a claim against IPS under 42 U.S.C. § 1983, as they do not allege the existence of an unconstitutional policy or custom.

7. Plaintiffs' state law claims are barred by their failure to comply with I.C. 34-13-3-8.

8. Plaintiffs' state law claims are barred by I.C. 34-13-3-5.

9. Plaintiffs fail to state a claim under Title IX or 20 U.S.C. 1681 et seq.

WHEREFORE, Defendant, Indianapolis Public Schools, by counsel, prays for judgment in its favor, costs of this action, and for all other proper relief in the premises.

                                    Respectfully Submitted,

                                    MANDEL POLLACK & HORN, P.C.

                                    s/Caren L. Pollack_____
                                    Caren L. Pollack Attorney No. 11897-49
                                    *Attorney for Defendants, Indianapolis Public*
                                     *Schools and Larry Wilcoxson*

## **CERTIFICATE OF SERVICE**

      I certify that a true and exact copy of the foregoing was filed electronically this 20th day of May, 2009. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

| | |
|---|---|
| Nathaniel Lee | Jonathan Mayes |
| Robert E. Feagley, II | Alexander P. Will |
| LEE COSSELL KUEHN & LOVE, LLP | OFFICE OF CORPORATION COUNSEL |
| 127 E. Michigan Street | 200 E. Washington Street, 1601 |
| Fifth Floor | Indianapolis, IN 46204 |
| Indianapolis, IN 46204 | jmayes@indygov.org |
| nlee@nleelaw.com | awill@indygov.org |
| bfeagley@nleelaw.com | |

Gerald B. Coleman
Richard P. Nover
COLEMAN STEVENSON, & MONTEL, LLP
9101 North Wesleyan Road, Suite 100
Indianapolis, IN 46268
gcoleman@cgslegal.com

                                    s/Caren L. Pollack_____
                                    Caren L. Pollack

MANDEL POLLACK & HORN, P.C.
704 Adams St., Suite F
Carmel, IN 46032
(317) 848-7000 / FAX (317) 848-6197